Judge Owsley
delivered the opinion of the court.
This suit was brought by Kelly in the circuit court against Wise, upon a note given by Wise to a certain Robert Barns, and by Barns assigned to Kelly.
The only question presented in the record involves an enquiry into the correctness of the decision of that court in overruling a demurrer to the replication filed by Kelly to Wise’s plea.
We are of opinion the demurrer was properly overruled, not because we suppose the replication good, but because the plea of Wise contains no sufficient matter in avoidance of Kelly’s action.
The plea is as follows:—“the defendant comes and defends, &c. and for plea saith the plaintiff his action ought not to have and maintain, because he saith, that the writing obligatory in the declaration mentioned, was given by said defendant upon a parol contract for a house and lot of ground in the town of Winchester, known upon the legal plan or plat of said town, by No.-made between said defendant and a certain Robert Barns (the assignor of the *546 writing obligatory declared on) and for no other consideration, and because he says the said Robert is, and has been, and continues to be unable to convey the title to said lot of ground and house, and this he is ready to verify, &c.
A plea impeaching the consid'ration of a writing must shew a total failure, a partial failure is no bar.
Hardin for appellant, Haggin for appellee.
The object of this plea is, no doubt, to impeach the consideration of the obligation upon which the action of Kelly is founded; but we apprehend it is totally insufficient for that purpose. It contains no suggestion of the obligation having been given on no consideration, but seems to object to the validity of the obligation exclusively on the ground of its having been given upon a parol contract for a house and lot of ground, and the inability of Barns, the obligee, to convey the title to the lot. Now the obligation may have been given upon a parol contract for the lot, and yet from any thing contained in the plea, Wise may have received an actual benefit, for it is no where stated what were the terms or conditions of the contract upon which the obligation was given; and if any part of the consideration is valid, it is perfectly clear that, under the law authorising the going into, and impeaching the consideration of writings, Wise is not permitted to avoid the obligation, on account of the inability of Barns to convey the lot.
The judgment must, therefore, be affirmed with cost and damages.